UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:16-cv-23110-WPD/Becerra

MICHAEL MOEBIUS,

    Plaintiff,

v.

KFIR MOYAL, *et al.*,

    Defendants.

_____/

### REPORT AND RECOMMENDATION[1]

**THIS CAUSE** came before the Court upon Plaintiff Michael Moebius' ("Plaintiff") Motion for Supplemental Final Judgment on Writ of Garnishment as to Contents of Safe Deposit Box. ECF No. [135]. Defendants Kfir Moyal, Kfir Moyal Art Gallery, Inc., and Carza Art, LLC (collectively "Defendants") did not file a response and the time to do so has passed. Upon due consideration of Plaintiff's Motion for Supplemental Final Judgment, it is hereby **RECOMMENDED** that the Motion be **GRANTED**.[2]

**I.   BACKGROUND**

This case relates to Defendants' alleged infringement on Plaintiff's copyrights. *See* ECF No. [1]. On March 13, 2017, the Clerk of Court entered a default as to all Defendants. ECF No.

---

[1] This matter was referred to the undersigned by the Honorable William P. Dimitrouleas, United States District Judge. ECF Nos. [133], [136].

[2] Plaintiff also filed a Notice of Hearing pursuant to the undersigned's discovery procedures. ECF No. [131]. At the discovery hearing held on November 18, 2021, ECF No. [140], Plaintiff sought to compel responses to its Requests for Production in Aid of Execution. None of the Defendants appeared at the hearing, rather only Plaintiff's counsel appeared. Plaintiff's counsel stated that it had been unable to conduct post-judgment discovery because Defendants had been unresponsive to Plaintiff's discovery requests. The Court indicated that, based on Defendants' unresponsiveness, it would proceed to enter the instant Report and Recommendation.

[63]. On March 22, 2017, the District Court entered a Default Final Judgment and Permanent Injunction, awarding Plaintiff $332,340.69, ordering that Defendants be permanently enjoined from infringing on Plaintiff's copyrights, and closing the case. ECF No. [67] at 1–2.

Based on the Default Final Judgment, Plaintiff procured the issuance of five writs of garnishment. *See* ECF Nos. [74]–[78]. In response to one of the writs, Bank of America advised as to the existence of three bank accounts in Defendant Moyal's name, which contained a total of $33,021.78. ECF No. [86] at 1–3. On January 25, 2021, the District Court entered a Final Judgment on Writ of Garnishment, ordering Bank of America to make payment in the sum of $33,021.78 to Plaintiff. ECF No. [101]. Defendants did not file any response or objections to the issuance of the writs.

Bank of America also advised that Defendant Moyal and his father (Avraham Moyal) jointly leased a safe deposit box. ECF No. [86] at 3. On November 17, 2020, upon a motion by Plaintiff, the District Court ordered that Defendant Moyal was to surrender the key to the safe deposit box, and that his failure to do so within 72 hours authorized Bank of America to drill open the box to take inventory of its contents. ECF No. [98] ¶¶ 1–2. On October 28, 2020, the safe deposit box was drilled opened, and an inventory of its contents was taken. *See* ECF No. [135-2]. The box contained, among other things, $192,550.00 in cash. *Id.* at 3.

On October 28, 2021, Plaintiff filed the instant Motion, stating that the current amount due under the Default Final Judgment is $289,365.87. ECF No. [135] at 3. As such, Plaintiff argues that under Chapter 77 of the Florida Statutes, Bank of America should be ordered to remit the $192,550.00 contained in the safe deposit box via certified or cashier's check, payable to his counsel, along with the remaining personal property contained in the box. *Id*. None of the Defendants filed a response to the Motion. Instead, on October 20, 2021, counsel for Defendants

Kfir Moyal and Kfir Moyal Art Gallery, Inc. filed a Motion to Withdraw as counsel. ECF No. [130]. On November 3, 2021, the District Court granted the Motion to Withdraw, cautioning that the Defendant Kfir Moyal Art Gallery, as a corporation, was not permitted to proceed *pro se*. ECF No. [137] at 2. To date, no attorney has made an appearance on behalf of any of the Defendants. In addition, it appears that none of the Defendants have been responsive to Plaintiff's post-judgment discovery requests.

## II.   ANALYSIS

Florida law governs the instant matter. *See* Fed. R. Civ. P. 69(a)(1) ("The procedure on execution-and in proceedings supplementary to and in aid of judgment or execution-must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."); *Avions De Transp. Reg'l, G.I.E. v. Avian Lienas Aereras, S.A.*, No. 20-MC-24658, 2021 WL 3174271, at *1 (S.D. Fla. July 9, 2021), *report and recommendation adopted sub nom. Avions de Transp. Reg'l G.I.E. v. Avian Lineas Aereas, S.A.*, 2021 WL 3173459 (S.D. Fla. July 26, 2021) ("Because this district is in the State of Florida, Florida law applies in executing a judgment and in garnishment proceedings.").

First, in accordance with Section 77.03, Florida Statutes, Plaintiff filed a Motion for Writ of Garnishment as to Bank of America, stating that it was owed $332,340.69 under the Default Final Judgment. ECF No. [76]; *see* Fla. Stat. § 77.03 ("After judgment has been obtained against defendant but before the writ of garnishment is issued, the plaintiff, the plaintiff's agent or attorney, shall file a motion (which shall not be verified or negative defendant's exemptions) stating the amount of the judgment."). The clerk subsequently entered a Writ of Garnishment as to Bank of America, ECF No. [82], a copy of which was served upon Defendants. ECF No. [89]. Defendants did not respond or otherwise object to the Writ of Garnishment.

Thereafter, Bank of America filed its Answer, stating that it holds, among other things, a safe deposit box in the name of Defendant Kfir Moyal and his father Avraham Moyal. ECF No. [86] at 3. In accordance with Section 77.055, Plaintiff mailed Defendants a copy of Bank of America's Answer, stating that Defendants had twenty (20) days to move to dissolve the Writ of Garnishment. *See* ECF No. [94]; Fla. Stat. § 77.055 ("Within 5 days after service of the garnishee's answer . . . the plaintiff shall serve, by mail, the following documents: a copy of the garnishee's answer, and a notice advising the recipient that he or she must move to dissolve the writ of garnishment within 20 days after the date indicated on the certificate of service . . . ."). Defendants did not respond or otherwise object to Bank of America's Answer.

Because Defendants did not file any response or objection, they have waived any claim of exemption or for dissolution of the Writ of Garnishment. *See Avions*, 2021 WL 3174271, at *2 (noting that by failing to file an objection, the defendants "waived any exemption or opportunity to dissolve the writ"). As a result, although the safe deposit box was leased jointly by Defendant Kfir Moyal and his father, who is not a party in this proceeding, any claim of exemption based on the father's joint ownership of the property contained within the box has been waived and Plaintiff should be entitled the contents of the box up to the amount due under the Default Final Judgment. *See* Fla. Stat. 77.07(2) ("The defendant and any other person having an ownership interest in the property, as disclosed by the garnishee's answer, shall file and serve a motion to dissolve the garnishment within 20 days after the date indicated in the certificate of service on the defendant and such other person of the plaintiff's notice required by s. 77.055 . . . ."); *Hogan v. Parker*, No. 05-61310 CIV, 2007 WL 604928, at *6 (S.D. Fla. Feb. 22, 2007) (finding that any objection based on joint ownership of the contents of a safe deposit box is waived by the failure "to timely file

objections to the writ of garnishment, to request a hearing on exemptions or to move to dismiss the writ").

The Court must now take Bank of America's Answer to the Writ of Garnishment as true, *see* Fla. Stat. § 77.061, and judgment must be entered against Bank of America for the amount "disclosed by the answer," Fla. Stat. § 77.083. Thus, having satisfied the requirements of Chapter 77, Florida Statutes, the Court finds that Plaintiff is entitled to judgment against the garnishee, Bank of America. *See Papadopoulos v. Sidi*, No. 05-22010-CIV, 2008 WL 11399763, at *3 (S.D. Fla. Sept. 8, 2008), *report and recommendation adopted*, 2008 WL 11400736 (S.D. Fla. Nov. 7, 2008) (concluding that upon satisfaction of the Chapter 77 requirements, judgment may be entered against the garnishee up to the amount of the judgment). Judgment in the amount of $289,365.87, the amount currently due under the Default Final Judgment, should be entered against Bank of America and in favor of Plaintiff. Specifically, Plaintiff should be entitled to disbursement of the $192,550.00 contained within the safe deposit box via a certified or cashier's check made payable to Plaintiff's counsel. In addition, Plaintiff should be entitled to delivery of the contents of the box up to $96,815.87, the amount that will remain due under the Default Final Judgment after the aforementioned disbursement. Finally, as requested in its Answer, Bank of America should be entitled to the statutory garnishment fee of $100.00 under Section 77.28, Florida Statutes, to be payable to its counsel. *See* Fla. Stat. § 77.28 ("Upon issuance of any writ of garnishment, the party applying for it shall pay $100 to the garnishee on the garnishee's demand at any time after the service of the writ for the payment or part payment of his or her attorney fee which the garnishee expends or agrees to expend in obtaining representation in response to the writ.").

### III. RECOMMENDATION

Based on the foregoing, the undersigned recommends that Plaintiff's Motion for Supplemental Final Judgment on Writ of Garnishment as to Contents of Safe Deposit Box, ECF No. [135], be **GRANTED**. Judgment should be entered against Bank of America in the amount of $289,365.87 and the contents of the safe deposit box up to the amount of the Judgment should be delivered to Plaintiff's counsel as set forth herein. In addition, the statutory garnishment fee of $100.00 shall be remitted to counsel for Bank of America.

### IV. OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the United States District Court for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Any request for an extension of this deadline must be made within seven (7) calendar days from the date of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers at Miami, Florida on December 7, 2021.

_____
JACQUELINE BECERRA
United States Magistrate Judge